(No. 17913.—Decree affirmed.)
GUSTAV K. NELSON *et al.* Appellants, *vs.* FRANK STREU
*et al.* Appellees.

*Opinion filed April 20, 1927.*

1. DEEDS—*when deed is subject to a recorded contract to convey to third party.* One who purchases property with notice of a prior agreement by the vendor to convey to another person is regarded as the trustee of the latter and is subject to the same obligations as the vendor with respect to conveying the land; and this rule applies where the contract to convey is recorded prior to the recording of the purchaser's deed, although the deed was executed and delivered before the contract was recorded.

2. REGISTRATION OF TITLE—*when prospective vendees do not abandon rights under contract—tender.* Prospective vendees who have recorded their contract for a conveyance prior to the recording of a deed by purchasers to whom the vendor, in double-dealing, had sold the property, are not required to make tender to the vendor; and their failure to make legal tender to the purchasers is not an abandonment of their rights under the contract, where, as soon as the double-dealing was discovered, both parties, treating the contract as valid and subsisting, began negotiations which continued for several months.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

EVERT O. HUTCHINS, for appellants.

VAN NATTA & KING, (WILLIAM SLACK, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a decree of the circuit court of Cook county directing the registrar of land titles to register the title to lot 23, in block 16, in Falconer's Second addition to Chicago, in appellants, Gustav K. Nelson and Anna E. Nelson, as joint tenants, subject to the rights of appellees, Frank Streu and Anna Streu, vendees in a certain con-

tract to purchase the same lot. The appeal is from that part of the decree holding the Streu contract valid.

August 8, 1923, Edward A. Houser executed a contract agreeing to convey title to the lot involved to appellants. At that time George C. and Ann Nettie Hield held title to the lot, subject to a contract for warranty deed agreeing to convey to Houser. August 12 Houser executed a second contract agreeing to convey the same property to appellees. September 20 the Hields executed a warranty deed conveying the lot to Houser, and the following day Houser conveyed it to appellants. September 22 appellees filed their contract for record in the recorder's office of Cook county. September 25 the deeds from the Hields to Houser and from Houser to the Nelsons were filed for record. January 15, 1925, appellants filed an application with the registrar of land titles to have title to the lot registered in their names as joint tenants. They named appellees as parties claiming some interest in the lot, and they were accordingly notified of the proceeding. Thereafter appellees filed their answer, setting up their claim under their contract of August 12, 1923. The cause was referred to an examiner of titles, who took and reported the testimony, together with his findings of fact and conclusions of law. He found that appellants and appellees were each ignorant of the double-dealing of Houser and that both appellants and appellees acted in good faith in executing their respective contracts with Houser. Appellants filed no objections to the examiner's report, and appellees' only objection to the report was to that part which found that they abandoned their contract subsequent to the recording of the deed to appellants. This exception was sustained by the chancellor and a decree entered finding the contract to be valid and subsisting at the time the application for registration of title was made.

As between Houser and appellants the transaction was complete upon the execution and delivery of the deed, but

as between appellants and appellees, who accepted their contract without notice of the prior outstanding contract, the effective date of the deed was September 25, 1923, the date it was filed for record. When appellees filed their contract for record September 22, 1923, it was notice to all the world of their rights in the property. (*Doyle* v. *Teas,* 4 Scam. 202; *Willoughby* v. *Lawrence,* 116 Ill. 11.) One who purchases property with notice of a prior agreement by the vendor to convey to another person is regarded as the trustee of the latter and is subject to the same obligations as the vendor with respect to conveying the land. *Forthman* v. *Deters,* 206 Ill. 159; *Anderson* v. *Anderson,* 251 id. 415.

The important question in this case is whether the Streu contract was valid and subsisting at the time appellants made application to register their title, and this is largely a question of fact. Defenses which might be made to a bill for specific performance of the contract are not available in this proceeding. By conveying the land to appellants Houser had put it out of his power to carry out his contract with appellees, so it was unnecessary for appellees to tender the remainder of the purchase price to him, (*Vincent* v. *McElvain,* 304 Ill. 160; *Fleming* v. *O'Donohue,* 306 id. 595;) and the fact that appellees have not made a legal tender of the remainder of the purchase price to appellants does not, of itself, invalidate their contract. Time was made of the essence of the contract between Houser and appellees, but all the parties to this controversy have disregarded this provision from the beginning. After appellants and appellees found they were the victims of the double-dealing of Houser they began negotiations which continued for several months, and throughout these negotiations they treated the Streu contract as valid and subsistent. There is no evidence to show that appellees abandoned their rights under this contract. On the contrary, the evidence shows that they have continually

been ready and willing to carry out the contract they made with Houser, but appellants have insisted upon the payment to them of the full purchase price without giving credit for the $100 deposited by appellees as earnest money.

The decree of the circuit court is affirmed.

*Decree affirmed.*